IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-53290-LMC |
| | § | |
| PATRICK A. HARTNETT AND | § | CHAPTER 7 CASE |
| TIFFANY P. HARTNETT, | § | |
| | § | |
| *Debtors.* | § | |

| | | |
|---|---|---|
| KERRY O'BRIEN AND | § | |
| SUSAN O'BRIEN, | § | |
| | § | |
| *Plaintiffs,* | § | ADVERSARY PROCEEDING |
| | § | |
| VS. | § | 11-05010-LMC |
| | § | |
| PATRICK A. HARTNETT AND | § | |
| TIFFANY P. HARTNETT, | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT'S RESPONSE TO MOTION TO DISMISS APPEAL FOR UNTIMELY NOTICE AND REQUEST FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

NOW COMES **PATRICK A. HARTNETT**, Debtor and Defendant herein, and files this his Response to Plaintiffs' Motion to Dismiss Appeal for Untimely Notice and Request for Extension of Time to File Notice of Appeal and for cause would show unto the Court the following:

I.

Defendant files this Response pursuant to Fed. R. Bankr. P. 8002(c).

The date the Judgment in this case was entered: December 14, 2011.

Defendant/Debtor, Patrick A. Hartnett, filed his Motion for Rehearing on: December 23, 2011.

The Order Denying Defendant's Motion for Rehearing was signed on December 24, 2011.

The Order Denying Defendant's Motion for Rehearing was entered on December 30, 2011 (Docket #34). There was also at Docket #33 a Notice of Entry of Order Denying Defendant's Motion for Rehearing on December 27, 2011.

II.

Defendant's Notice of Appeal was filed on January 12, 2012.

Plaintiffs assert that Defendant's Notice of Appeal was untimely as being filed two (2) days late.

The Standards for Review are set out in **_Christopher v. Diamond Benefits Life Insurance Company_**, 35 F3 232 (5th Cir. 1994). A Court may extend the time for an appeal upon a showing of excusable neglect. The Supreme Court in **_Pioneer Investment Services Co. v. Brunswick Assoc. L.P._**, 507 US 380, explained that the *"the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omissions."*. No single circumstance controls, nor is a Court to simply proceed down a check list ticking off traits, @ 1498. The Court in **_Christopher_** noted that there was no appearance of bad faith on the part of claimant, of any prejudice to the Debtor, or disruption of the efficient administration of the proceedings caused by the late filing. **_Christopher_** @ **901**. The Supreme Court in **_Pioneer_** noted *"We agree... that the peculiar and inconspicuous placement of the bar date in a notice regarding a creditors meeting, without any indication of the significance of the bar date, left a dramatic ambiguity in the notification."*

Such an ambiguity exists between Docket # 33 and 34.

Defendant's counsel was only aware of the Order Denying the Motion for Rehearing entered on December 30, 2011 and was relying on the same. Accordingly, he calendared the filing of the Notice of Appeal to be filed not later than January 13, 2012.

The filing of the Notice of Appeal allegedly two (2) days after the bar date was not the result of conscious indifference but was rather done so in reliance on the Notice of the entry of the Order Denying the Motion for Rehearing entered on December 30, 2011 (Docket #34) and received by Defendant's counsel on that date. Acting out of good faith, Defendant filed his Notice of Appeal within the fourteen (14) days following the Notice of Entry of Order on December 30, 2011. (Docket #34)

Defendant will be prejudiced by relying on the Clerk's Notice of Entry of the Order on December 30, 2011. Defendant believes he has meritorious grounds for the appeal. *(See the Court's Memorandum Opinion and Motion for Rehearing attached hereto.)* Plaintiffs will only have to defend the Judgment.

Defendant incorporates herein the Affidavit of Richard P. Corrigan, counsel for Debtor/Defendant, as well as Exhibit "A" (Docket #34) attached hereto.

WHEREFORE, PREMISES CONSIDERED, Defendant, Patrick A. Hartnett, prays that this Court deny Plaintiffs' Motion to Dismiss Appeal and grant Defendant's request to consider Notice of Appeal (filed January 12, 2012) as being properly filed, and for such other and further relief at law or in equity to which he may be justly entitled.

Respectfully submitted,

*/s/ Richard P. Corrigan*
RICHARD P. CORRIGAN
Attorney at Law
1920 Nacogdoches Road, Suite 100
San Antonio, Texas 78209
Telephone (210) 824-9505
Facsimile (210) 824-3009
State Bar No. 04840700

ATTORNEY FOR PATRICK A. HARTNETT

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2012, a true and correct copy of the above and foregoing has been served by electronic means through CM/ECF system; certified mail, return receipt requested, postage prepaid; United States First Class mail, postage prepaid; overnight delivery; facsimile transmission; and/or hand delivery, on the parties listed below:

Michael J. O'Connor
Attorney at Law
8118 Data Point Drive
San Antonio, TX 78229

/s/ *Richard P. Corrigan*