

**SIGNED this 19th day of January, 2012.**

_____

**LEIF M. CLARK**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court

### Western District of Texas
### San Antonio Division

| | |
|---|---|
| In re | Bankr. Case No. |
| Patrick A. Hartnett & Tiffany P. Hartnett | 10-53290-C |
| *Debtors* | Chapter 7 |
| Kerry O'Brien & Susan O'Brien | |
| *Plaintiffs* | |
| v. | Adv. No. 11-5010-C |
| Patrick A. Hartnett & Tiffany P. Hartnett | |
| *Defendants* | |

### Memorandum Decision Denying Plaintiffs' Motion to Dismiss Appeal for Untimely Notice and Granting Defendant's Request for Extension of Time for Filing Notice of Appeal

Came on for consideration the motion of Plaintiffs to Dismiss Appeal for Untimely Notice. For the reasons stated, the court denies the motion, and grants the defendant's request for an extension of time for filing notice of appeal.

**Background**

Plaintiffs brought a nondischargeability action against defendants. After a trial on the merits, a ruling was rendered in favor of Plaintiffs against defendant Patrick A. Hartnett (the plaintiffs having non-suited defendant Tiffany P. Hartnett). Judgment was entered December 14, 2011. Defendant timely filed a motion for rehearing on December 23, 2011. The court ruled on that motion the next day, December 24, 2011, but the order on was not entered until December 27, 2011. The clerk of court, via the Bankruptcy Noticing Center, gave notice of entry of the order denying the motion for rehearing. This notice was docketed December 30, 2011.

On January 12, 2012, the defendant filed a notice of appeal. The next day, plaintiffs filed this motion to dismiss the appeal, on grounds that it was not timely. Defendant filed a response, explaining that the filing should be deemed timely, seeking an extension of time for filing the notice of appeal, on grounds of excusable neglect, pursuant to Rule 8002(c) of the Federal Rules of Bankruptcy Procedure. In the motion, the plaintiff explained that there was an ambiguity created when his office received a copy of the court's order denying the motion for rehearing, via electronic mail from the BNC. The docket entry for this copy was #34, and was docketed on December 29, 2011. However, the order in question was itself docketed on December 27, 2011 (#33). The affidavit in support of the defendant's pleading explained that the attorney's secretary, who usually monitors email traffic and prints out relevant emails for the attorney, was out of the office for the holidays. The attorney checked email on December 30, 2011, and saw docket entry #34. The attorney printed out the order, and calendared the deadline for filing the notice of appeal from December 30, 2011. The

attorney was not aware that the order itself had been docketed on December 27, 2011. The attorney prepared the notice of appeal and arranged for his secretary to file it on January 12, 2012, one day before his calendared deadline of January 13, 2012. The attorney stated that he relied in good faith on the docket entry information printed on the order denying motion for rehearing.[1] He adds that he would have filed the notice of appeal on January 10, 2011 had he known the actual docket entry date was earlier. He states that the plaintiffs are not unduly prejudiced by a two day delay, but denial of his request for an extension would significantly prejudice his client from being able to assert his client's appeal on the merits.

Plaintiffs filed a reply pointing out that Doc. #33, the actual order entered by the court, shows its date of entry as December 27, 2011. This document too was emailed to all parties, pursuant to the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts (eff. Dec. 1, 2004). Plaintiff maintains that there is no showing of excusable neglect presented on these facts, such that the motion should be denied.

### Analysis

Rule 8002(c)(2) states that a request to extend the time for filing a notice of appeal may be "filed not later tahna 21 days after the expiration of the time for filing a a notice of appeal" and may be "granted upon a showing of excusable neglect." *See* FED. R. BANKR. P. 8002(c). Excusable neglect is a term of art upon which the Supreme Court opined in *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Ptnrshp,* 507 U.S. 380 , 113 S.Ct. 1489 (1993). Said the Court in explaining its approach to the application of this

---

[1] The docket entry at the top of the order reads as follows: "11-05010 Doc#34 Filed 12/29/11 Entered 12/30/11 00:19:24 Imaged Certificate of Notice Pg 1 of 4"

standard in the bankruptcy context, "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. ... this  flexible understanding ... accords with the policies underlying ... the bankruptcy rules." *Id.,* 113 S.Ct., at 1495. True, the Court adverted to the greater flexibility that ought to be permitted in chapter 11, but the precise application considered by the Court in that case was to a late-filed claim, an issue somewhat removed from the reorganization process itself.

The point is that the notion of "excusable neglect" of necessity presumes that someone has made a mistake, someone has been careless, someone has been negligent. It is no answer, then, to a request for mercy that the party making the request should not have made the mistake. Hindsight always affords the clarity that confirms that, had the person simply been paying strict attention, no mistake would have been made. The reality is that human beings often are not paying strict attention all the time. Not even lawyers.

The Court wisely sought to offer guidance to lower courts, to aid them in distinguishing the cases of human fallibility from the cases of "I could care less - ness." It invited courts to look at such factors as the good faith of the offending party or the party's counsel, the ambiguity of rules or forms and the like, the prejudice or delay caused to others if relief is granted, and the harm caused to the movant if relief is not granted. *Id.*, 113 S.Ct., at 1498.

Plaintiffs cite *In re Wigoda,* 11 Fed.Appx. 624, 625 (7th Cir. 2001) for the proposition that a misunderstanding or misapplication of the rules is not grounds for

finding excusable neglect. The case does not set quite so harsh a rule, however. The court found that it was not error to *deny* an excusable neglect request based on such a finding. It did not find that it *would* be error to *grant* such a request. Only the latter holding would support the proposition urged by the plaintiffs. Similarly, the plaintiffs cite *In re Hanscom,* 275 B.R. 183 (B. D.R.I. 2002) for the proposition that a misread statement is not a basis for excusable neglect. This court certainly agrees that a court could so conclude, but disagrees that a later court *must* so conclude.

In any event, the facts here are that the attorney's error was in reading the docket entry for the BNC notice as though it were the docket entry for the order. There was an ambiguity created by the fact that the first page of the BNC notice was a copy of the order itself. True, the docket entry concluded with "Imaged Certificate of Notice Pg 1 of 4" but that is a less than clear statement that the docket entry was with respect to the BNC notice, rather than the order. Of course it was a mistake for counsel not to then go back to the docket to confirm the entry of the order itself. Hindsight, as we have seen, makes us all perfect (or see that we should have been). But his secretary was out of the office, it was the week between Christmas and New Years, and thus counsel, as most people in that time period tend to be, was more distracted than usual.

The court concludes that there was sufficient ambiguity to warrant flexibility on the part of the court.[2] In addition, the lack of any real prejudice to the plaintiffs (they merely must defend their judgment on its merits), the minor impact on judicial

---

[2] Recall that the "ambiguity" noted by the Court in *Pioneer Investments* was that the notice of claims bar date was placed in the notice regarding a creditors' meeting, without any indication of its significance. Yet an attorney who was paying attention would surely have caught both the bar date and appreciated its significance. The ambiguity presented here is, in this court's view, greater than that presented in *Pioneer Investments*.

administration, and the obvious good faith of counsel (and presumably his client), as demonstrated by the affidavit in support of the motion, satisfy the court that this is an appropriate case for the exercise of discretion in favor of the defendant, on grounds of excusable neglect.

Accordingly, the request for an extension of time for filing the notice of appeal is granted. The time is extended to January 13, 2012, rendering the notice of appeal filed by defendant timely filed. The plaintiffs' motion to dismiss the notice of appeal is denied. Forms of order consistent with this decision shall be entered.

# # #